UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELIQUE B. MEJIAS,

                     Petitioner,

      -against-

THE PEOPLE OF THE STATE OF NEW YORK,

                     Respondent.

1:21-CV-6265 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Angelique B. Mejias, who is currently incarcerated in the Bedford Hills Correctional Facility, brings this *pro se* submission in which she seeks federal *habeas corpus* relief from her November 27, 2017 conviction in the New York Supreme Court, New York County.[1] Petitioner has paid the filing fee to bring this action. For the reasons set forth below, the Court grants Petitioner 60 days' leave to either: (1) submit a written request to withdraw this action, or (2) file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in which she shows why this action is not time-barred and whether she has exhausted her available state-court remedies with respect to her grounds for *habeas corpus* relief.

---

[1] Petitioner's submission is a 215-page collection of forms for state-court relief, documents issued by the state court, letters from attorneys, and copies of transcripts. But Petitioner specifies in her submission that she is seeking federal *habeas corpus* relief with regard to her state-court conviction. Petitioner was convicted in the state court of one count of assault in the second degree and one count of disorderly conduct. The trial court sentenced her to a five-year prison term, to be followed by a three-year postrelease-supervision term, both with respect to the assault count, and to a 15-day prison term as to the disorderly-conduct count, all those terms to run concurrently. (ECF 1, at 40) (Petitioner's state-court commitment document).

## DISCUSSION

**A.     *Habeas corpus* relief under 28 U.S.C. § 2254**

The Court construes Petitioner's submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 because Petitioner seeks to challenge "the judgment of a State court . . . on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If Petitioner does not want to pursue *habeas corpus* relief under Section 2254, she must submit to the Court, within 60 days of the date of this order, a written request to withdraw this action. *See Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003) (a district court must allow a litigant an opportunity to withdraw a mislabeled submission before the district court proceeds with it as a Section 2254 *habeas corpus* petition). Petitioner will have one opportunity within the applicable limitations period for a full adjudication of her claims for Section 2254 *habeas corpus* relief. If Petitioner does not file a request to withdraw within 60 days of the date of this order, the Court will regard her submission as a petition for Section 2254 *habeas corpus* relief.

**B.     Statute of limitations**

Petitioner's submission, to the extent that it seeks Section 2254 *habeas corpus* relief. may be time-barred. A prisoner seeking such relief must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a petition is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner was convicted on November 27, 2017, in the New York Supreme Court, New York County. Subsequently, the New York Supreme Court, Appellate Division, First Department, affirmed her conviction on December 3, 2019. *People v. Mejias*, 178 A.D.3d 410 (1st Dep't 2019). The New York Court of Appeals denied leave to appeal on January 17, 2020. *People v. Mejias*, 34 N.Y.3d 1131 (2020). Petitioner's conviction consequently became final on April 16, 2020, following "the expiration of [the 90-day period] of . . .time to petition for certiorari in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000); *see* S. Ct. R. 13(1) (90-day period to seek *certiorari*). Thus, the applicable limitations period expired one year later, on April 16, 2021. Petitioner alleges that she placed her submission into her prison's mail system for its delivery to the court on July 19, 2021 (ECF 1, at 214), three months and three days after the applicable limitations period expired.

Under the Antiterorrorism and Effective Death Penalty Act of 1996, when postconviction collateral motions and applications are filed before the expiration of the limitations period to bring a Section 2254 *habeas corpus* petition, those motions and applications, and the related state-court proceedings, may toll the limitations period. *See* § 2244(d)(2). Postconviction collateral motions and applications filed after the limitations period expires, however, do not start the limitations period anew. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). In other words, Section 2244(d)(2) applies only if a petitioner's postconviction collateral motion or application was pending within the one-year limitations period.

Here, Petitioner seems to allege that she filed a postconviction collateral motion in the trial court under N.Y. Crim. Proc. Law §§ 440.10 and 440.30. But it is unclear: (1) when Petitioner filed that motion; (2) the grounds on which Petitioner filed that motion; (3) the trial court's decision with respect to that motion; (4) the date of the trial court's decision; (5) whether Petitioner sought leave to appeal that decision in the Appellate Division, and if so; (6) the date and result of the Appellate Division's decision. Thus, it is unclear whether the pendency of Petitioner's postconviction collateral motion – or the pendency of any appeal of the trial court's decision on that motion – tolled the applicable limitations period under Section 2244(d)(2).

The Court therefore grants Petitioner leave to file an amended petition under Section 2254 in which she allege facts showing why this action is not time-barred. Petitioner should state in her amended petition: (1) the dates that she filed all postconviction collateral motions and applications in the state courts challenging her conviction, including any application for error *coram nobis* relief, all motions under N.Y. Crim. Proc. Law § 440.10, and any other postconviction collateral motions and applications; (2) the dates the state courts issued decisions as to all of those motions and applications; (3) the dates she filed any appeals or applications for leave to appeal from those decisions; (4) the dates the state courts issued decisions as to those appeals or applications; and (5) the dates when she received notice of all state-court decisions as to those applications and appeals. *See* § 2244(d)(2). Petitioner should also allege any facts that show that she has been pursuing her rights diligently and that some extraordinary circumstance prevented her from timely submitting her submission. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the one-year limitations period to bring a Section 2254 *habeas corpus* petition is subject to equitable tolling in appropriate cases).

C.     **Exhaustion of state-court remedies**

A state prisoner must exhaust all available state-court remedies before filing a Section 2254 *habeas corpus* petition. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion rule requires that the state courts be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting her claims through a state's established appellate review process. *Id.* at 845. "A petitioner has 'fairly presented' [her] claim only if [s]he has 'informed the state court of both the factual and legal premises of the claim [s]he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust available New York state-court remedies for the purpose of Section 2254 *habeas corpus* review, a petitioner must appeal her judgment of conviction in the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law § 460.70. Should that court's decision adversely affect the petitioner, she should then seek leave to appeal in the New York Court of Appeals, the highest state court. *See* N.Y. Crim. Proc. Law § 460.20. Should the petitioner raise for *habeas corpus* relief any grounds that she raised in a postconviction collateral motion made in the state courts under N.Y. Crim. Proc. Law § 440.10 or in another state-court postconviction collateral motion or application, she must show that she has completely exhausted her available state-court remedies by seeking leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. *See Ramos v. Walker*, 88 F. Supp. 2d 233, 235-36 (S.D.N.Y. 2000).

Petitioner asserts grounds for Section 2254 *habeas corpus* relief. But she does not state whether she ever raised those grounds in her direct appeal or in any postconviction collateral motion or application, and if she did, whether she exhausted her available state-court remedies

5

with respect to those grounds. The Court grants Petitioner leave to file an amended petition in which she clearly states her grounds for Section 2254 *habeas corpus* relief and whether she exhausted her available state-court remedies with respect those grounds.

## CONCLUSION

The Court grants Petitioner 60 days' leave to either: (1) submit a written request to withdraw this action, or (2) file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in which she alleges facts showing why this action is not time-barred and whether she exhausted her available state-court remedies with respect to her grounds for *habeas corpus* relief. Petitioner's written request to withdraw or amended petition must bear the same docket number as this order (1:21-CV-6265 (LTS)). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner may complete to comply with this order. If Petitioner files an amended petition, it will completely replace the original submission and demonstrate Petitioner's intent to pursue *habeas corpus* relief under Section 2254. Any amended petition filed shall be reviewed for substantive sufficiency, and then, if proper, this action will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny Petitioner's original submission as a time-barred Section 2254 petition.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 17, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                  Chief United States District Judge